HMK/mb FS 7964A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
COUTINHO & FERROSTAAL, INC.,
formerly known as MAN FERROSTAAL, INC.;

                        Plaintiff,          08 CV 5254 (DLC)(KNF)
                                        ECF CASE
   -against-

M/V GREAT BLOSSOM, her engines, boilers,    **VERIFIED COMPLAINT**
tackle, etc., GREAT BLOSSOM SHIPPING LTD.,  **WITH PRAYER FOR**
SINOTRANS SHIP MANAGEMENT LTD.               **MARITIME**
(HONG KONG), GEARBULK AG                        **ATTACHMENT**

                        Defendants
------------------------------------------------------------X

      Plaintiffs through their attorney KINGSLEY, KINGSLEY & CALKINS allege for their complaint herein:

      1.  This is a claim under the Court's Admiralty and Maritime jurisdiction with respect to the carriage of goods by water, and under the Federal question jurisdiction under the Interstate Commerce Act, and Court's diversity and pendent jurisdiction with respect to the remaining aspects of the claim.

      2.  Plaintiffs are the owners or duly authorized representatives of the owners or underwriters or subrogated underwriters of cargo shipped on board the captioned vessel which is more particularly described in Schedule A hereto, and for which bills of lading were issued.

      3.  Defendants were vessel owners, suppliers, sellers, shippers, inspectors, managers, operators, charterers, freight forwarders, stevedores, terminal operators, common carriers by water and by land, bailees for hire,

insurers and sureties with respect to the cargo described in Schedule A hereto which was sold, shipped, inspected, carried, kept, discharged and delivered from the captioned vessel, inland conveyances, terminals and warehouses by defendants.

    4. The cargo described in Schedule A was lost and damaged by defendants due to the fault, neglect, deviation, unseaworthiness, maritime tort, tortious interference with contract, breach of warranty, sinking, stranding, salvage expenses, general average and conversion of defendants, their agents and servants, and delivered by defendants in non-conforming and contaminated condition, mis-delivered and non-delivered.

    5. The vessel is now or will be during the pendency of this action within the jurisdiction of this Honorable Court.

    6. Plaintiffs' sue on their own behalf and as agents and trustees on behalf of any other party who may now have or hereinafter acquire an interest in this action.

    7. If this claim is subject to Arbitration then plaintiffs hereby demand such Arbitration and appoint Lucienne C. Bulow of New York City as arbitrator thereof.

    8. Plaintiffs' damages are in excess of $200,000.00.

    9. After diligent search the undersigned attorney is unable to locate any agents for service of process upon defendants in this district, but plaintiff believes there are properties, debts, credits, freights and bank accounts in this district which may be attached pursuant to Admiralty Rule B.

    WHEREFORE, plaintiffs demand judgment in an amount exceeding $200,000.00 plus interest and costs, and pray the Court to issue its process

against the aforesaid defendants and vessel, and to issue its process of maritime attachment against the property of defendants in this district pursuant to Admiralty Rule B.

Dated: June 9, 2008

        KINGSLEY, KINGSLEY & CALKINS
        Attorneys for Plaintiff

        BY:___/S/_____
           HAROLD M. KINGSLEY
           91 West Cherry Street
           Hicksville, New York 11801
           (516) 931-0064
           hmk@kingsleyandkingsley.com

SCHEDULE A

OUR REF:              FS 7964A, B, C, D, E

VESSEL:               M/V GREAT BLOSSOM

PORTS:                SHANGHAI/HOUSTON; NOLA; PORT MANATEE, FL

BILLS OF LADING:      GBL001SHA45B through 52B
                      GBL001SHA73B
                      GBL001SHA83B through 87B
                      GBL001SHA8B, 10B through 15B, 63B
                      GBL001SHA57B, 58B,
                      AND OTHERS.

DATED:                FEBRUARY 7, 2007; FEBRUARY 18, 2007

CHARTER PARTY:        BETWEEN GEARBULK AG AND
                      MAN FERROSTAAL, INC.
                      DATED: JANUARY 17, 2007

DESCRIPTION OF CARGO: STEEL PIPE

AMOUNT:               $200,000.00

## VERIFICATION

    Harold M. Kingsley, the undersigned, an attorney admitted to practice in the courts of the state of New York , state that I am the attorney of record COUTINHO & FERROSTAAL, INC., in the within action; I have read the foregoing Complaint and know the contents thereof; and I declare and affirm under penalties of perjury that the same is true to my knowledge based on documents in my file, on information and belief, and which I believe to be true.

    The reason this Verification is made by the undersigned and not by an officer of COUTINHO & FERROSTAAL, INC., is that there are no officers now present in Nassau County where affiant has his office.

Dated: June 9, 2008

                                              __/S/_____
                                                HAROLD M. KINGSLEY