HMK/mb FS 7964A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
COUTINHO & FERROSTAAL, INC., formerly known as MAN FERROSTAAL, INC.,

ECF CASE

Plaintiff,

08 CV 5254 (DLC)(KNF)

-against-

M/V GREAT BLOSSOM, her engines, boilers, tackle, etc., GREAT BLOSSOM SHIPPING LTD., SINOTRANS SHIP MANAGEMENT LTD. (HONG KONG), GEARBULK AG,

Defendants
---------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF *EX PARTE* APPLICATION FOR SUPPLEMENTAL RULE B ATTACHMENT**

Plaintiff entered into a part cargo voyage charter party with defendant Gearbulk AG dated January 17, 2007, at Houston, TX, copy attached, for the carriage of plaintiff's steel pipe cargo from Shanghai, China for discharge in Port Manate, FL, New Orleans, LA, and Houston, TX. The charter party contains a Clause Paramount at Rider Clause 58 which states:

> "Clause 58: **Clause Paramount.** Notwithstanding any other provision in this contract, any claims for damage or loss to cargo shall be governed by the Hague-Visby Rules as if compulsorily applicable by law, and any other clauses herein repugnant to the Hague-Visby Rules shall be null and void and of no force or effect as respects cargo claims. Any clauses in this contract allocating responsibility or risk with respect to loading, stowing, stevedoring, lashing, securing, dunnaging, discharging and delivery shall be deemed to apply only as price terms and shall not be interpreted to alter in any way the responsibilities of the owner and the ship as carriers as defined in the Hague Rules as respects to claims for

> cargo loss and damage. Any arbitration clause in this contract shall not apply to claims for cargo loss or damage but such claims shall be brought in the United States District Court for the Southern District of New York, in accordance with the law and practice of such jurisdiction, and to which Owners hereby consent." [emphasis added]

Plaintiff submits that this Clause Paramount, selecting the Southern District of New York as the forum for resolution of plaintiff's cargo damage claims herein, does not establish that defendant Gearbulk AG can be "found" within this district under the prerequisite two prong test required for an *ex parte* attachment of defendant's assets under Supplemental Rule B of the Federal Rules of Civil Procedure.

**ARGUMENT**

1. The two prong test:

The Second Circuit Court of Appeals in, Aqua Stoli Shipping Ltd. v. Gardner, 460 F.3d 434, at 443 (2d Cir. 2006), reaffirmed the two prong test for a Rule B attachment set forth by then District Court Judge Leval in Integrated Container Service v. Starlines, 476 F. Supp. 119, at 122 (SDNY 1979), as follows:

> "[A]ttachment is precluded under Admiralty Rule B(1) only if the defendants have engaged in sufficient activity in the district or the cause of action has sufficient contacts with the district to permit the court to exercise *in personam* jurisdiction over the defendants . . . *and* in addition can be found within the geographical confines of the district for service of process. [citations omitted] Thus the attachment will lie unless the defendant is present in the district in both senses."

In Integrated, the defendant and garnishee's motion to vacate the attachment

was denied, despite the fact that defendant was still authorized to do business in New York although its business operations had ceased and offices closed, and that two of the container lease agreements which had been breached called for submission to the jurisdiction of the courts of New York, and the third agreement called for submission to arbitration in New York. *Id.* at 123. One of the agreements also provided for service on defendant's agent at 77 Water Street, New York, NY, although the agent had also vacated and closed its office.

Judge Leval held that the first jurisdictional test for presence within the district was narrowly met based upon defendants' past substantial connection with New York under International Shoe Co. v. Washington, 326 U.S. 310 (1945), *Id.* at 123, but not because of the New York forum selection and arbitration clauses. However, the second service of process test failed, with the Court stating:

> "While a plaintiff must make reasonable efforts to serve a defendant before pursuing the attachment route, *see Seawind Compania S.A. v. Crescent Line, Inc.*[320 F.2d 580 (2d Cir. 1963)], the plaintiff should not be required to rely on a speculative service accomplished in a manner which it knows will not give actual notice." *Id.* at 123-4.

Here, unlike the defendants in Integrated, defendant Gearbulk AG is not authorized to do business in New York and not subject to long-arm jurisdiction in New York under the facts of this case, nor was the subject charter party entered into in New York. The New York company, Gearbulk Inc., has moved to Tampa, and even if it was an authorized agent for service of process on Gearbulk AG, it closed its New York office according to Mr. John Panarella of Gearbulk in Tampa. (See, paragraph 9

of Affidavit in Support). Thus, no substantial activity is or was conducted by defendant Gearbulk AG within this District, and it cannot be served with process in this District, thus justifying issuance of the *ex parte* Order of Attachment under Supplemental Rule B. See, Tennessee Steel & Supply Co. v. S.S. Padma, 1968 AMC 2372, 2373 (SDNY 1967), where Judge Weinfeld found insufficient evidence that defendant's agent carried on necessary activities within the district on behalf of defendant, holding that defendant was not "found" within the district.

In further stating when a defendant can be "found" within the District pursuant to Rule B, the Second Circuit in Aqua Stoli, stated at footnote number 4, *Id.* at 445:

> "We have no occasion to discuss further this requirement, and we do not see that the district courts have experienced any confusion in its application. See *Integrated*, 476 F. Supp. at 122 (explaining this requirement)."

Aqua Stoli, however, did not involve a New York forum selection clause in a charter party, but tested the limited circumstances under which an *ex parte* attachment could be vacated by a well-funded defendant, and rejected the district court's application of a needs test and hardship balancing between the parties. *Id.* at 447.

2. Consent to jurisdiction in New York does not equate to being "found" under Supplemental Rule B:

It has generally been held that forum selection and arbitration clauses are

tantamount to consent to jurisdiction in the particular selected forum. See, Maritime Ventures Int'l v. Caribbean Trading, 689 F. Supp. 1340, 1348 (SDNY 1988), citing, M/V Bremen v. Zapata Offshore Co., 407 U.S. 1, at 10-11 (1972). However, such consent does not constitute a grant of jurisdiction for the purpose of being "found" within the district pursuant to Supplemental Rule B. See, First American Bulk Carrier v. Ommeren Shipping (USA) LLC, 04 CIV 9922 (LSS), decided March 19, 2008, where the Court held that neither a general appearance by counsel for defendant, nor an agreement to arbitrate the dispute in New York was the equivalent of being "found" within the district under Supplemental Rule B.

Judge Stanton in First American, quoted Judge Kaplan in, Mariac Shipping Co., Ltd.v Meta Corp., N.V, 2005 U.S. Dist. LEXIS 10315, at **2-3 (SDNY 2005), in holding that consent to arbitrate in New York does not create sufficient contacts in New York to equate to being "found" within New York for purposes of Supplemental Rule B.

> "To be sure, an agreement to arbitrate in New York at least arguably is a consent to personal jurisdiction here for purposes relating to enforcement of the arbitration agreement. Even assuming the continued vitality of that principle, however, the consent goes no farther than proceedings relating to enforcement of the arbitration agreement."

The U.S. Supreme Court in, Vimar Seguros y Reseguros v. M/V Sky Reefer, 515 U.S. 528, at 534 (1995), held that the same principles are applied to both forum selection and arbitration clauses, stating that, "foreign arbitration clauses are but a

subset of foreign forum selection clauses."

In a recent opinion by Judge Sweet in Moller-Maersk v. Ocean Express Miami, 06 Civ. 2778 (RWS), decided April 25, 2008, the Court refused to vacate an attachment against a Guatemalan consignee bound by the Maersk Line bill of lading which contained a New York forum selection clause that required all actions subject to U.S. COGSA to be brought in the Southern District of New York.

3. Defendant cannot be "found" if it cannot be served within the district:

In Bay Casino v. M/V Royal Empress, 20 F. Supp. 2d 440 (EDNY 1998), a motion to vacate an attachment was denied even though defendant had consented to a forum selection clause in New York and conducted substantial commercial activities in the district, but since defendant could not be served in the district, the Court held defendant could not be "found" under Supplemental Rule B.

> "The fact that the defendant is present in the jurisdictional sense will not suffice, if he cannot be found for service of process within the district (the second prong of the test). [citing *Integrated, id.*]. This is because Rule B's purpose is two-fold: (1) to assure defendant's appearance and (2) to assure satisfaction in case the suit is successful. A post-attachment appearance may later moot the first purpose, but it does not address the second." *Id.* at 452.

The Court in Integrated, also held the inability to serve defendant within the geographic district justified issuance of the Order of Attachment, even though the NYS Secretary of State in Albany was defendant's agent for service of process under BCL §306(b). *Id.*at 124.

Since neither Supplemental Rule B(1) nor Local Admiralty and Maritime Rule B.1 sets the parameters to determine when a defendant is "found" within the district, the above case law better defines the factors necessary to determine if defendant is "found" within the district. The Second Circuit in Aqua Stoli, requires only that the requirements of Rule B, as written, be satisfied to justify issuance of an *ex parte* Order of Attachment, and adopted Judge Leval's reasoning and methodology in Integrated, to satisfy the due diligence required to determine if defendant is "found" within the district.

**CONCLUSION**

Based upon the supporting Affidavit of plaintiff's attorney as to the due diligence performed to attempt to "find" defendant Gearbulk AG within the Southern District of New York, and based upon the negative results of such inquiries, together with compliance with the requirements of Supplemental Rule B, and in order to secure any eventual judgment obtained in this action by plaintiff against defendant Gearbulk AG, plaintiff's application for issuance of an *ex parte* Order of Maritime Attachment and Garnishment must be granted; and for such other and further relief as the Court deems just and proper.

Dated: June 27, 2008

Respectfully Submitted,

KINGSLEY, KINGSLEY & CALKINS
Attorneys for Plaintiff

BY: /S/
Steven P. Calkins
91 West Cherry Street
Hicksville, N.Y. 11801
(516) 931-0064