367-08/DPM
FREEHILL, HOGAN & MAHAR
Attorneys for Defendant
GEARBULK AG
80 Pine Street
New York, New York 10005
(212) 425-1900
Don P. Murnane, Jr. (DM-3639)
Jan P. Gisholt (JG-3768)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
COUTINHO & FERROSTAAL, INC.,
formerly known as MAN FERROSTAAL, INC.;

                Plaintiff,                    08 CV 5254 (DLC)(KNF)
                                                        ECF CASE

   -against-
                                                        **ANSWER WITH**
M/V GREAT BLOSSOM, her engines, boilers,      **CROSS-CLAIM**
tackle, etc., GREAT BLOSSOM SHIPPING LTD.,
SINOTRANS SHIP MANAGEMENT LTD.
(HONG KONG), GEARBULK AG

                Defendants.
----------------------------------------------------------------x

      Defendant, GEARBULK AG (hereinafter, "GEARBULK") by its attorneys, Freehill, Hogan & Mahar, responds to the Verified Complaint of Plaintiff COUTINHO & FERROSTAAL, INC., formerly known as MAN FERROSTAAL, INC. (hereinafter, "FERROSTAAL") as follows:

      1.     ADMITS that to the extent the Plaintiff states its claim relates to the carriage of goods by water, this is a claim invoking the admiralty and maritime jurisdiction of the Court, but except as so admitted, denies the remaining allegations contained in Paragraph 1 of the Verified Complaint.

      2.     DENIES knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "2" of Plaintiff's Verified Complaint.

NYDOCS1/308288.1

3. ADMITS that Defendant GEARBULK was the operator and/or charterer of the M/V GREAT BLOSSOM, but except as so specifically admitted, denies each and every remaining allegation contained in Paragraph "3" of the Verified Complaint.

4. DENIES the allegations contained in Paragraph "4" of the Verified Complaint.

5. DENIES the allegations contained in Paragraph "5" of the Verified Complaint.

6. DENIES knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "6" of the Verified Complaint.

7. The allegations contained in Paragraph "7" of the Verified Complaint do not require a response. To the extent the Court requires an answer, Defendant GEARBULK DENIES the allegations contained in Paragraph "7" of the Verified Complaint.

8. DENIES the allegations contained in Paragraph "8" of the Verified Complaint.

9. DENIES knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "9" of the Verified Complaint.

**FIRST AFFIRMATIVE DEFENSE**

10. The Verified Complaint fails to state a claim upon which relief can be granted as against answering Defendant GEARBULK.

**SECOND AFFIRMATIVE DEFENSE**

11. Defendant GEARBULK is not liable to Plaintiff on the causes of action alleged in the Verified Complaint.

**THIRD AFFIRMATIVE DEFENSE**

12. If there was any loss and/or damage to cargo as alleged in the Verified Complaint it was occasioned by causes for which the Defendant GEARBULK is exonerated under the

United States Carriage of Goods by Sea Act, Title 46 U.S.C.A. § 1300, et seq. or other governing legislation.

**FOURTH AFFIRMATIVE DEFENSE**

13. If Plaintiff has suffered damages to cargo for which Defendant GEARBULK is liable, said damages must be limited pursuant to 46 U.S.C.A. § 1304(5) or other governing legislation.

**FIFTH AFFIRMATIVE DEFENSE**

14. If there was any loss of and/or damage to cargo as alleged in the Verified Complaint, Defendant GEARBULK is not liable to the Plaintiff by reasons of the provisions contained in the bill(s) of lading, contract of carriage, charter party, applicable tariffs, special contract, or dock receipt.

**SIXTH AFFIRMATIVE DEFENSE**

15. If there was any loss and/or damage to cargo as alleged in the Verified Complaint, it was occasioned by causes for which the Defendant GEARBULK is exonerated under the Harter Act, Title 46 U.S.C.A. § 190, et seq.

**SEVENTH AFFIRMATIVE DEFENSE**

16. Defendant GEARBULK puts Plaintiff to its proof of compliance with the provisions for giving of notice and the commencement of suit as provided for in the aforesaid bill(s) of lading and in the United States Carriage of Goods by Sea Act, 1936.

**EIGHTH AFFIRMATIVE DEFENSE**

17. (A) Due diligence was used to make the carrying vessel(s) seaworthy and to secure that they were properly manned, equipped and supplied, and to make the holds and other parts of the ship in which the goods were carried safe and fit for the reception, carriage and preservation in accordance with the provisions of the United States Carriage of Goods by Sea

Act, 1936 and the aforesaid bill(s) of lading. (B) Accordingly, if the goods sustained any loss or damage while they were on board the carrying vessel(s), due to any unseaworthiness of the vessel(s), which is denied, Defendant GEARBULK is not liable.

### NINTH AFFIRMATIVE DEFENSE

18. Plaintiff's claim is barred by the statute of limitations contained in both the aforesaid bill(s) of lading and the United States Carriage of Goods by Sea Act, 1936 and/or the doctrine of laches.

### TENTH AFFIRMATIVE DEFENSE

19. Any damages sustained by the Plaintiff, as alleged in the Verified Complaint, were proximately, directly, and solely caused by the negligent acts of third persons over whom Defendant GEARBULK had and have no direction or control.

### ELEVENTH AFFIRMATIVE DEFENSE

20. Plaintiff knowingly and intentionally assumed any and all risks inherent in the shipment(s) of the goods at issue by sea, which is a complete bar to recovery.

### TWELFTH AFFIRMATIVE DEFENSE

21. Any injuries that may have been sustained by Plaintiff, as alleged in the Verified Complaint, occurred as a direct result of Plaintiff's own negligent conduct, and not by any negligence of Defendant GEARBULK and as such Plaintiff is barred from recovery in this action.

### THIRTEENTH AFFIRMATIVE DEFENSE

22. Plaintiff is guilty of culpable conduct in the events giving rise to the claims now asserted in Plaintiff's Verified Complaint, and its recovery, if any, must be diminished in proportion thereto.

### FOURTEENTH AFFIRMATIVE DEFENSE

23. Plaintiff herein has failed to mitigate its damages.

### FIFTEENTH AFFIRMATIVE DEFENSE

24. The forum is inconvenient and the Verified Complaint should be dismissed pursuant to the Doctrine of <u>Forum Non Conveniens</u>.

### SIXTEENTH AFFIRMATIVE DEFENSE

25. The action, or part thereof, is founded upon improper venue and/or should be transferred pursuant to 28 U.S.C. § 1404.

### SEVENTEENTH AFFIRMATIVE DEFENSE

26. The terms of the bill(s) of lading, tariff and/or other governing contracts between the parties require that this matter be heard in a forum other than this Court.

### EIGHTEENTH AFFIRMATIVE DEFENSE

27. This Court lacks personal jurisdiction of the Defendant GEARBULK.

### NINETEENTH AFFIRMATIVE DEFENSE

28. Plaintiff has failed to make proper service of process upon Defendant GEARBULK.

### TWENTIETH AFFIRMATIVE DEFENSE

29. This Answer and Cross-Claim is made without waiver of any rights to arbitrate or proceed in another forum that may exist between the parties.

### AS AND FOR A CROSS-CLAIM AGAINST DEFENDANTS GREAT BLOSSOM SHIPPING LTD. and SINOTRANS SHIP MANAGEMENT LTD. (HONG KONG).

30. This is a claim under the Court's Admiralty and Maritime Jurisdiction, and under the Court's diversity and pendent jurisdiction.

31. That at all times mentioned hereafter GEARBULK was and is a corporation

duly organized and existing pursuant to the laws of a foreign country.

32.   That Defendants GREAT BLOSSOM SHIPPING LTD. and SINOTRANS SHIP MANAGEMENT LTD. (hereinafter, "GBS" and "SINOTRANS" respectively) were and are corporations organized and existing under the laws of a foreign country.

33.   That if Plaintiff suffered any loss and/or damage, which is denied, the loss and/or damage was caused solely by the negligence, breach of contract (express or implied) breach of warranty (express or implied) and/or the fault of Defendants GBS and/or SINOTRANS.

34.   That if Defendant GEARBULK is found responsible for any of the loss and/or damage sustained by the Plaintiff herein, Defendant GEARBULK is entitled to indemnification and/or contribution in whole or in part from Defendants GBS and/or SINOTRANS for said losses and/or damages including costs and reasonable counsel fees.

**WHEREFORE**, Defendant GEARBULK demands judgment dismissing the complaint herein, and awarding GEARBULK costs, fees, including reasonable attorney fees and disbursements of this action, and further demands judgment against Defendants GBS and/or SINOTRANS for all sums which may be recovered by Plaintiff against the Defendant GBS and/or SINOTRANS as well as fees, disbursements of this action, and such other and further relief as to the Court may seem just and proper.

Dated: New York, New York
       August 18, 2008

                          Yours truly,
                          FREEHILL, HOGAN & MAHAR, LLP

                          _____
                          Don P. Murnane, Jr.
                          Jan P. Gisholt
                          Attorneys for Defendant

GEARBULK AG
80 Pine Street
New York, NY 10005-1759
Tel: 212 425-1900 / Fax: 212-425-1901

TO: KINGSLEY, KINGSLEY & CALKINS
Attorneys for Plaintiff Coutinho & Ferrostaal, Inc.,
formerly known as Man Ferrostaal, Inc.
91 West Cherry Street
Hicksville, New York 11801
Attn: Steven P. Calkins, Esq.
(516) 931-0064

TO: GREAT BLOSSOM SHIPPING LTD.
c/o Skuld North America Inc.
317 Madison Avenue, Suite 708
New York 10017
Attn: Charlotte Valentin

TO: SINOTRANS SHIP MANAGEMENT LTD.
21/F Great Eagle Centre
23 Harbour Road, Wanchai
Hong Kong